UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| JENNIE GUERRIDO, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>v.<br><br>FINANCIAL RECOVERY SERVICES, INC.,<br><br>        Defendant. | Case No.: 17-cv-1503<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Jennie Guerrido is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her, debts allegedly incurred for personal, family, or household purposes, namely a credit card debt.

5. Defendant Financial Recovery Services, Inc. ("FRS") is a corporation with its principal place of business located at 4510 West 77th Street, Suite 200, Edina, Minnesota 55435.

6. FRS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. FRS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. FRS is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or about May 18, 2017, FRS mailed a debt collection letter to Plaintiff regarding an alleged credit card debt, allegedly owed to TD Bank USA, N.A. ("TD Bank") and used only for personal, family, or household purposes. A copy of the letter is attached to this complaint as Exhibit A.

9. The TD Bank account was a Target Credit Card ("Target Card"). TD Bank is the issuer for Target credit card accounts. *See* https://www.target.com/c/target-credit-card-rates-fees/-/N-4tgiz.

10. Plaintiff obtained and used the Target Card account only for personal, family, or household purposes, namely, the purchase of household goods and services at Target stores.

11. Personal credit card accounts are "open end credit" as defined in the WCA, Wis. Stat. § 421.301(27)(a) and are "consumer credit transactions" as a matter of law. Wis. Stat. § 421.301(10).

12. Upon information and belief, Exhibits A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. Exhibit A states the following: "Cost Balance: $0.00."

14. There is no explanation in the letter as to what the "Cost Balance" is.

15. Although the amount of the "Cost Balance" in Exhibit A is $0.00, the letter implies that there could be some unknown charges added to the debt in future letters. The

2

unsophisticated consumer interprets references to a "cost" or a "balance" in collection letters, even when the amount is $0.00, as representations that the debt collector has a right to add "costs" or collection fees to the alleged debt, and that charges will be sought in future letters. *See, eg. Tylke v. Diversified Adjustment Serv.*, No. 14-cv-748; 2014 U.S. Dist. LEXIS 153281, *7 (E.D. Wis. Oct. 28, 2014) ("the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one.").

16. In reality, FRS could not actually add any "costs" or collection fees to Plaintiff's account.

17. The WCA specifically prohibits the attachment of collection fees and other "default charges" on consumer credit transactions, even if the fee is separately negotiated. Wis. Stat. § 422.413(1) provides:

> no term of a writing evidencing a consumer credit transaction may provide for any charges as a result of default by the customer other than reasonable expenses incurred in the disposition of collateral and such other charges as are specifically authorized by chs. 421 to 427.

18. Neither Wis. Stat. § 422.202, entitled "Additional charges," nor any other section of the WCA, lists collection fees as a permissible fee a creditor or debt collector may charge in connection with a consumer credit transaction.

19. Because transactions on personal credit card accounts are consumer credit transactions, Exhibit A falsely states or implies that FRS has a right to add collection fees to consumers' alleged Target Card debts.

20. Even if a provision of any agreement between Plaintiff and TD Bank would purport to permit FRS or TD Bank to impose a collection fee, the WCA prohibits such fees. Wis. Stat. § 421.106(1) ("Except as otherwise provided in chs. 421 to 427, a customer may not waive or agree to forego rights or benefits under chs. 421 to 427."); *see also Lox v. CDA, Ltd.*, 689

3

F.3d. 818 (7th Cir. 2012) (false representation that attorney fees would be added when they could not be, violated 1692e).

21. Exhibit A is a misleading and unconscionable means of collecting, or attempting to collect, a debt.

22. The unsophisticated consumer would be confused by the nebulous reference on FRS's letter to "Cost Balance," and would have no idea what those charges are, potentially could be, or whether they are legitimate.

23. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

25. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

26. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I -- FDCPA

27. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

28. FRS's threat to collect a "Cost Balance" which is not further specified or explained in Exhibit A is a false, deceptive, and/or misleading representation to the unsophisticated consumer recipient.

4

29. <u>Exhibit A</u> falsely represents that Defendant is lawfully entitled to collect other charges when it is not.

30. <u>Exhibit A</u> creates a false impression as to its authorization or approval for collecting other charges.

31. An unsophisticated consumer would have no idea what a "cost balance" is or could be or whether it is legitimate.

32. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1).

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form of <u>Exhibit A</u> to the complaint in this action, (c) which included a field labeled "COST BALANCE," (d) and that sought to collect an alleged Target credit card debt, (e) incurred for personal, family or household purposes, (f) between November 1, 2016 and November 1, 2017, inclusive, (g) that was not returned by the postal service.

34. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

35. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

36. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

5

37. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

38. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

39. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: November 1, 2017

          **ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com